James A. Roe, Jr., J.
In an action for the dissolution of an alleged partnership and for an accounting, the plaintiffs move for the appointment of a receiver and for a temporary injunction.
The defendants cross-move to dismiss the complaint on the grounds that it is legally insufficient, that the alleged cause of action is barred by the Statute of Limitations and that the alleged contract upon which the cause of action is sounded is unenforcible under the provisions of the Statute of Frauds, or, in the alternative, to strike certain paragraphs of the complaint pursuant to rule 103 of the Rules of Civil Practice.
The essential allegations upon which the plaintiffs rely are contained in paragraph 15 of the complaint, wherein it is alleged *595 as follows: “ That some time in and during May and June, 1952, plaintiffs and all defendants (weinberg then being alive) entered into an agreement, which was subsequently reduced to writing, in which, among other things, it was agreed between plaintiffs and defendants (weinberg then being alive) that a partnership was created among themselves, to operate the joint businesses of the plaintiffs and the defendants through their various then existing corporations, which said corporations are named as party plaintiff and defendants herein, to the extent that there would be an exchange of stock in their respective corporations, to the end that each individual party herein would become the owner of one-sixth of the total issued and outstanding capital stock of each of the corporate plaintiff and defendants, and that there would be a joint ownership, management and control of the corporate parties hereto, which were to be operated in furtherance of and for the mutual benefit of the individual parties hereto as partners in the entire business enterprise; and plaintiffs beg leave, upon the trial of this action, to refer to said agreement for greater certainty, as to its terms, conditions and covenants.” A copy of the alleged agreement referred to in this paragraph is not attached to nor made a part of the complaint. In this paragraph the plaintiffs plead, in effect, an agreement between six individuals to conduct a business enterprise, as partners, through the instrumentality of the various corporate parties presenting themselves to the world as the responsible entities.
The facts in this case are similar to the facts in Weisman v. Awnair Corp. of America (3 N Y 2d 444) wherein an agreement was pleaded between three individuals to conduct a business enterprise as joint venturers, through the instrumentality of a single corporation presenting itself to the world as a responsible entity. In that case, the Court of Appeals stated the rule in this jurisdiction (pp. 449-450):
“ This they may not do for the rule is well settled that a joint venture may not be carried on by individuals through a corporate form. [Citing cases.] The two forms of business are mutually exclusive, each governed by a separate body of law. When parties ‘ adopt the corporate form, with the corporate shield extended over them to protect them against personal liability, they cease to be partners and have only the rights, duties and obligations of stockholders. They cannot be partners inter sese and a corporation as to the rest of the world. ’ * * * What we do declare is that when individuals do determine to conduct business through a corporation, as is here alleged, they are not at one and the same time joint venturers and stockholders, *596 fiduciaries and nonfiduciaries, personally liable and not personally liable. * * *
“ Inasmuch as it is not possible for individuals to carry on a joint venture through the instrumentality of a corporation, no confidential or fiduciary relationship can be said to exist between the parties and the equitable relief of an accounting is not available to plaintiffs. ’ ’ (Fromkin v. Merrall Realty Inc., 15 A D 2d 919; cf. Conway, New York Fiduciary Concept in Incorporated Partnership and Joint Ventures, 30 Fordham L. Rev., 297.)
Since the plaintiffs have failed to plead facts sufficient to give rise to a partnership, the defendants’ motion to dismiss the complaint for legal insufficiency is granted. The other relief requested by the defendants is denied as moot, as is the plaintiffs’ motion for the appointment of a receiver and for a temporary injunction. This disposition is without prejudice to any other rights the plaintiffs might possess in this matter.